**A. BRUNO LAW**
Alyssa M. Bruno, Esq. (PA ID #321345)
P.O. Box 468
Easton, PA 18044
Tel: (610) 258-4003
Email: abruno@abrunolaw.com

*Attorney for Plaintiff Mansfield Media LLC*

| | |
|---|---|
| MANSFIELD MEDIA LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL, INC., YES I AM INC., MICHELLE CADORE, AND DOES 1-10, inclusive,<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>(1) COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. § 501;<br>(2) VICARIOUS COPYRIGHT INFRINGEMENT;<br>(3) CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>(4) DISTRIBUTION OF FALSE COPYRIGHT MANAGEMENT INFORMATION IN VIOLATION OF 17 U.S.C. § 1202;<br>(5) VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A);<br>(6) VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(B); and<br>(7) UNJUST ENRICHMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Mansfield Media LLC ("**Plaintiff Mansfield**" and/or "**Mansfield**"), by and through its undersigned attorney, hereby submits this Complaint against Defendants Mastercard International Inc. ("**Defendant Mastercard**" and/or "**Mastercard**"), Yes I Am Inc. ("**Defendant Yes I Am**" and/or "**Yes I Am**"), Michelle Cadore, personally ("**Defendant**

**Cadore**" and/or "**Cadore**"), and Does 1-10 inclusive (collectively referred to as "**Defendants**"), and in support thereof avers as follows:

## SUMMARY OF THE ACTION

1.      This is a civil action against Mastercard International Inc., Yes I Am, Inc., and the founder/owner of Yes I Am, Inc., Michelle Cadore, for their willful infringement of the intellectual property rights of Mansfield Media LLC, a Philadelphia-based photography company owned and operated by photographer, Christopher Mansfield.  Defendants infringed upon Plaintiff's rights through their actions in incorporating Plaintiff's copyright-protected Photograph into a global advertising campaign without Plaintiff's consent and without any payment being made to him.  Defendants acted with a willful disregard for Plaintiff's intellectual property rights by reproducing, displaying, distributing, and creating derivative works of the Photograph and then using those derivative works in a commercial setting without obtaining a license or permission from Plaintiff to do so.

2.      The Photograph was unlawfully used in the "Mastercard Small Biz Marketplace" campaign, which promoted Mastercard's various financial services, products, and initiatives as well as its collaboration with certain small businesses, including Defendant Yes I Am.  As part of the marketing campaign, various unauthorized derivative advertisements featuring the Photograph were displayed and distributed on Defendants' social media accounts and other commercial channels, including on Defendant Mastercard's Instagram and Pinterest accounts.  The infringing works were distributed and published on Defendants' various commercial platforms for at least several months, and in some instances, for more than a year.  The exact extent of the infringements and the length of time that the various unauthorized works featuring the Photograph were published and distributed by Defendants is currently unknown to Plaintiff and will be discovered through litigation.

3.     As a result of Defendants' unlawful actions, Plaintiff brings this action for direct copyright infringement pursuant to 17 U.S.C. § 501; vicarious copyright infringement; contributory copyright infringement; the distribution of false Copyright Management Information in violation of 17 U.S.C §1202; violation of Section 43(a) of the Lanham Act (15 U.S.C. Section 1125(a) (1) (A) – False Designation of Origin); violation of Section 43(a) of the Lanham Act (15 U.S.C. Section 1125(a) (1) (B) – False Advertising); and unjust enrichment.

## THE PARTIES

4.     Plaintiff Mansfield Media LLC is a Pennsylvania limited liability company owned and operated by Philadelphia-based photographer/videographer, Christopher Mansfield, with a registered office located at 6217 Osage Ave., Philadelphia, PA 19143. Mansfield specializes in event and portraiture photography and often photographs fellow creatives and business owners.  Mansfield regularly licenses its copyright-protected photographs to other entities for commercial use.

5.     Defendant Mastercard International Inc. is a for-profit business corporation formed in Delaware and registered as a foreign business corporation in Pennsylvania with a registered office listed as CT Corporation System, Philadelphia, PA. Upon information and belief, the current service of process handling center for CT Corporation System, Philadelphia is located at 600 North 2nd Street, Suite 401, Harrisburg, PA 17101. Mastercard is one of the largest financial services and payment-processing companies in the world.

6.     Defendant Yes I Am Inc. is a for-profit business corporation formed in New York with a registered agent address of 1279 East 103rd Street, Brooklyn, New York, NY 11236.  Yes I Am is an apparel company that sells to customers online and via its brick-and-mortar store.  Yes I Am regularly advertises to and sells its apparel products to consumers in Pennsylvania via online sales.

7.    Defendant Michelle Cadore is an individual who is a citizen of the United States and upon information and belief, has a domicile in New York.  Cadore is the owner of Defendant Yes I Am and regularly conducts business in Pennsylvania through advertising and selling Yes I Am's merchandise to consumers in Pennsylvania via online sales.   Cadore also operates her own personal social media accounts through which she advertises various products to consumers in Pennsylvania.

8.    The true name and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictitious names and will ask leave to amend the Complaint to show their true names and capacities when they have been ascertained.  Upon information and belief, each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings referred to in this Complaint.

## JURISDICTION AND VENUE

9.    This Court has original subject matter jurisdiction over this action and the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff asserts causes of action arising under the Copyright Act of 1976 ("the Copyright Act"), as amended, the Trademark Act of 1946 (the "Lanham Act"), as amended, and Pennsylvania common law through which the Court has supplemental jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1367.

10.    This Court has personal jurisdiction over Defendant Mastercard because Mastercard is a registered Pennsylvania foreign business corporation and conducts a significant amount of business in Pennsylvania, and this District, including, but not limited to, regularly advertising to and selling its products and financial services to consumers within the state.

11.    This Court has personal jurisdiction over Defendant Yes I Am because Yes I Am has continuous and systematic affiliations with the state by conducting a significant amount of business in Pennsylvania, and this District, including, but not limited to, regularly advertising to and selling its products to consumers within the state via online sales and social media.

12.    This Court has personal jurisdiction over Defendant Michelle Cadore because Michelle Cadore has continuous and systematic affiliations with the state by conducting a significant amount of business in Pennsylvania, and this District, including, but not limited to, regularly advertising to and selling products to consumers within the state via online sales and social media.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction within this District and a substantial part of the events or omissions concerning the copyright-protected Photograph giving rise to the claims set forth in this action occurred in this District.

## THE PHOTOGRAPH

14.    In 2020, Plaintiff conducted a photo shoot of a Philadelphia-based event planner named Egypt Graham ("**Egypt**") who hired Plaintiff to take some portraiture and branding photographs of her to be used in both online and print advertisements promoting her event planning business named Planning 2 Perfection.

15.    Plaintiff conducted the photo shoot pursuant to a licensing agreement whereby it granted Egypt with a non-exclusive license to use the photographs taken by Plaintiff for the specific and limited purpose of promoting her event planning business, Planning 2 Perfection. Plaintiff did not grant Egypt with the right to sublicense any of the photographs taken of her.

16.    On the day of the shoot, Plaintiff took a series of photographs of Egypt in several different "looks" and at several different locations throughout Philadelphia. All of these looks included distinct wardrobe selections, lighting choices, angles, and mood changes.

17.    During the shoot, Plaintiff took the photograph at issue in this dispute, entitled "Egypt (She Didn't Quit Tho…)," which features Egypt standing in front of a Philadelphia building with her left hand in a fist and wearing a yellow sweatshirt sold by Defendant Yes I Am (hereinafter referred to as "**the Photograph**"). A reproduction of the Photograph taken by Plaintiff is provided below:



18.    Thereafter, Plaintiff filed a copyright application with the U.S. Copyright Office and obtained a copyright registration for the Photograph. Plaintiff is the sole and

exclusive author and copyright claimant of the Photograph, which is an original work of art. See Certificate of Registration (Registration # VA 2-344-561), attached hereto as Exhibit "A."

19.    On July 20, 2020, Plaintiff posted the Photograph onto its Instagram account, @chrismansfield_.

20.    On that same day, the subject of the Photograph, Egypt, also posted the Photograph onto her Instagram account, @p2pperfection.

### DEFENDANTS' INFRINGEMENTS ON INSTAGRAM

21.    Upon information and belief, sometime in 2021-2022, Defendant Mastercard entered into an agreement with Defendant Yes I Am and Defendant Cadore for Yes I Am to become a highlighted business in Mastercard's "Small Biz Marketplace" advertising campaign. The Mastercard Small Biz Marketplace campaign was intended to promote various Black-owned businesses as well as to advertise Mastercard's various financial services programs and products offered to small business owners, such as its Mastercard Strivers Initiative program and the Mastercard Digital Doors® program.

22.    Upon information and belief, without obtaining Plaintiff's authorization, Defendant Yes I Am and Defendant Cadore provided Defendant Mastercard with a copy of Plaintiff's Photograph to be used, reproduced, distributed, modified/altered, and displayed in connection with the Yes I Am x Mastercard promotional ads that would run in the Mastercard Small Biz Marketplace campaign.

23.    Defendants had access to the Photograph because it was posted by both Plaintiff and Egypt on their respective public Instagram accounts.

24.    At no point in time did Defendant Mastercard, Defendant Yes I Am, or Defendant Cadore contact Plaintiff to ask for permission to use the Photograph or to inquire

about acquiring a license to use the Photograph as part of the Mastercard Small Biz Marketplace campaign.

25.     At no point in time did Defendant Mastercard, Defendant Yes I Am, or Defendant Cadore contact Plaintiff to ask for permission to use the Photograph or to inquire about acquiring a license to use the Photograph for any purpose.

26.     On or about June 28, 2022, Defendant Mastercard posted an unauthorized derivative work of the Photograph onto its Instagram account, @mastercardsmallbizmarketplace, in the form of an advertisement promoting Defendant Mastercard and Defendant Yes I Am's collaboration regarding the Mastercard Small Biz Marketplace campaign.  A reproduction of this unauthorized derivative work posted by Defendant Mastercard on or about June 28, 2022 is provided below:



27.     Upon information and belief, the Mastercard Instagram account, @mastercardsmallbizmarketplace, is an account dedicated to promoting Mastercard's Small Biz Marketplace campaign and its related products and services.

28.     As reflected above, the initial unauthorized derivative work posted by Defendant Mastercard on or about June 28, 2022, shows the entirety of the Photograph taken by Plaintiff with the words, "YES I AM CLOTHING BUT, SHE DIDN'T QUIT THO SWEATSHIRT," and the trademarked Mastercard Circles Design® logo superimposed on top of it.

29.     This unauthorized derivative post of the Photograph further states in the caption:

> **mastercardsmallbizmarketplace** @yesiaminc creates economic opportunities for creatives of color.  Shop, share and support this business and start something #Priceless."

30.     This unauthorized derivative post also included a tag to Defendant Yes I Am's Instagram account, @yesiaminc, as well as an e-commerce link leading to a webpage whereby consumers could purchase apparel items from Yes I Am, including the Yes I Am sweatshirt depicted in the Photograph.

31.     Following the initial infringing Instagram post posted by Defendant Mastercard, Defendant Mastercard then went on to post another unauthorized derivative work of the Photograph to its Instagram account, @mastercardsmallbizmarketplace, in the form of a sponsored Instagram advertisement that read: "Paid partnership with yesiaminc."  A reproduction of this unauthorized derivative work that ran as a sponsored Instagram ad is provided below:



32.    Notably, this unauthorized derivative work of the Photograph posted by Defendant Mastercard as a Sponsored Instagram Ad garnered 7,923 likes and at least 24 comments by the time that Plaintiff took a screenshot of it in or around September 2022.

33.    As set forth above, this unauthorized derivative post that ran as Sponsored Instagram Ad shows the entirety of the Photograph taken by Plaintiff with the words, "YES I AM CLOTHING BUT, SHE DIDN'T QUIT THO SWEATSHIRT," superimposed on top of it along with the Mastercard Circles Design® logo on the lower right-hand side.

34.    The caption of the Sponsored Instagram Ad states:

Paid partnership with **yesiaminc**

"**mastercardsmallbizmarketplace** Shop YES I AM Clothing's "BUT, SHE DIDN'T QUIT THO" Sweatshirt.  Made from….."

10

35.     The Sponsored Instagram Ad also included a tag to Defendant Yes I Am's Instagram account, @yesiaminc, as well as an e-commerce link that went to a webpage whereby consumers could purchase the sweatshirt depicted in the Photograph and sold by Defendant Yes I Am as well as other apparel items sold by Yes I Am.

36.     Upon information and belief, both the initial Mastercard social media post featuring the Photograph and the Sponsored Instagram Ad featuring the Photograph were promoted on Defendant Mastercard's Instagram account for several months in 2022. The extent of the infringements and the length of time that the unauthorized derivatives featuring the Photograph ran as commercial advertisements on Defendant Mastercard's Instagram account are unknown to Plaintiff at this time and will be discovered through the litigation process.

37.     Upon information and belief, Defendant Yes I Am and Defendant Cadore also created, distributed, and displayed other unauthorized derivatives of the Photograph and ran additional commercial promotional ads showing the Photograph on Instagram and on other social media platforms and online marketing channels.

38.     Upon information and belief, Defendants and/or one more DOE Defendants also reproduced, published, displayed, and distributed other unauthorized derivatives of the Photograph and ran additional promotional ads showing the Photograph on other social media and commercial platforms in addition to those described herein. The extent of the infringements and the length of time that various unauthorized derivatives featuring the Photograph were published and distributed are unknown to Plaintiff at this time and will be discovered through the litigation process.

## DEFENDANTS' WILLFUL INFRINGEMENT

39.    In late September 2022, Plaintiff first became aware of the unauthorized Instagram ads shown above.

40.    On or about September 27, 2022, Plaintiff sent a direct message ("**DM**") to Defendant Mastercard's Instagram accounts, @mastercardsmallbizmarketplace and @mastercard, stating that he was the copyright holder to the Photograph and had not granted permission for the Photograph to be used in Defendants' social media campaign.  Plaintiff demanded that the unauthorized and infringing advertisements be taken down.

41.    Despite having read the multiple direct messages sent by Plaintiff via Instagram (as known by the "seen" notification), Defendant Mastercard failed to respond to Plaintiff's messages or to delete the infringing ads from its account.

42.    In the following days, Plaintiff sent additional messages to both @mastercardsmallbizmarketplace and @mastercard notifying Defendants of the infringing advertisements and requesting to speak with a Mastercard representative.

43.    Defendant Mastercard kept the infringing advertisements up for several more weeks following Plaintiff's initial cease-and-desist DM to Mastercard and did not delete the Instagram ads until at least mid-November 2022.

44.    Upon information and belief, Defendant Mastercard gained monetary profits from its unauthorized reproduction, display, distribution, and creation of unauthorized derivative works of the Photograph and its commercial use thereof as set forth above.  These unauthorized derivative advertisements were used to promote Mastercard's Small Biz Marketplace, its for-profit collaboration with Defendant Yes I Am, and its various financial services, products, and programs, including its Strivers Initiative program and the Mastercard Digital Doors® program.

45.    Upon information and belief, Defendant Yes I Am and Defendant Cadore gained monetary profits from the unauthorized reproduction, display, distribution, and creation of unauthorized derivative works of the Photograph and their commercial use of these derivatives as reflected in the Instagram advertisements set forth above.  These unauthorized derivative advertisements were used to promote Defendant Yes I Am's for-profit collaboration with Defendant Mastercard as well as its apparel business.

46.    Upon information and belief, Defendant Yes I Am sold various apparel items, including the sweatshirt depicted above, through the direct links that were part of the unauthorized Instagram posts as well as through other means, such as consumers learning about Yes I Am through the unauthorized advertisements and thereafter purchasing items from Defendant Yes I Am's online store.  Upon information and belief, Defendants Yes I Am gained direct monetary profits, indirect monetary profits, and goodwill from the misappropriation of Plaintiff's Photograph and the commercial use of it by Defendants.

47.    The unauthorized derivative works set forth above are substantially similar to Plaintiff's Photograph as they are almost identical to the Photograph but for some slight cropping and the addition of Defendants' word marks and logos superimposed on top of the image.

48.    Upon information and belief, Defendants gained direct monetary profits, indirect monetary profits, and goodwill from the misappropriation of Plaintiff's Photograph, their improper use of their own respective word marks and logos in connection with the Photograph, and their commercial use of the Photograph.

49.    In contrast, Plaintiff did not reap any benefits, financial or otherwise, from Defendants unlawful misappropriation and use of the Photograph.  Rather, Plaintiff has had to expend significant time, effort, and resources in an attempt to enforce its rights as the photographer and copyright-holder to the Photograph.

50.    Plaintiff has been economically harmed through Defendants' widespread unlawful use, reproduction, display, distribution, and creation of unauthorized derivative versions of the Photograph and is entitled to recover monetary damages in the form of actual damages, costs, attorneys' fees, and the disgorgement of Defendants' direct and indirect profits.

## DEFENDANTS' INFRINGEMENTS ON PINTEREST

51.    In addition to the infringing Instagram works set forth above, upon information and belief, in or before February 2022, Defendant Mastercard posted another unauthorized derivative of the Photograph onto social media – this time onto its "Mastercard Small Biz Marketplace" Pinterest account.  This unauthorized derivative of the Photograph posted by Defendant Mastercard was also used to promote the Mastercard Small Biz Marketplace and Mastercard's collaboration with Defendant Yes I Am.  This Pinterest advertisement is provided below:



14

52.    As set forth above, the unauthorized Pinterest advertisement featuring the Photograph shows the entirety of the Photograph taken by Plaintiff with the words, "YES I AM CLOTHING …." superimposed on top of it along with the Mastercard Circles Design® logo centered on the bottom of the advertisement.

53.    The advertisement also states:

**"Join Mastercard & Support Small Businesses."**

54.    Upon information and belief, through this advertisement, consumers could click a direct link to Defendant Yes I Am's e-commerce platform and website whereby they could then purchase the sweatshirt depicted in the Photograph as well as other apparel items sold by Yes I Am.

55.    During the time that the unauthorized version of the Photograph was shown on Mastercard's Pinterest page, Defendant Cadore posted a reel of the Mastercard Small Biz Marketplace Pinterest page onto her personal Instagram account, @yesiam_michellec.   A screenshot of the first slide of this reel is provided below:



56.     As set forth above, the bio of the Mastercard Pinterest page at the time that the unauthorized derivative of the Photograph was featured reads:

> "@mastercardsmallbizmarketplace – Discover Black women-owned small businesses and products through the Mastercard Small Biz Marketplace.  Shop, share & support their businesses, and start something Priceless!"

57.     Upon information and belief, Defendant Mastercard's Small Biz Marketplace Pinterest page, @mastercardsmallbizmarketplace, was used as an e-commerce platform whereby consumers could purchase products sold by Defendant Yes I Am and Defendant Mastercard.

58.     Upon information and belief, consumers who clicked on the infringing Pinterest advertisement featuring the Photograph could click directly through to purchase Mastercard-sponsored products from Yes I Am.

59.     Upon information and belief, consumers could also click through to Mastercard's website to purchase financial services and products from Mastercard as well as to learn more about its various related for-profit initiatives, such as its Mastercard Strivers Initiative program and the Mastercard Digital Doors® program.

60.     The unauthorized derivative set forth above is substantially similar to Plaintiff's Photograph as it is almost identical to the Photograph but for some slight cropping and the addition of Defendants' word marks and logos superimposed on top of the image.

61.     Plaintiff was unaware that the Photograph was to be used in Defendants' advertising campaign as they failed to contact Plaintiff to ask permission to use the Photograph or to inquire about licensing the Photograph for the campaign.

62.    At no point in time did Defendants contact Plaintiff to ask for permission to use, reproduce, display, distribute, and/or create derivative works of the Photograph or to inquire about licensing the Photograph for any purpose.

63.    Upon information and belief, Defendants gained monetary profits from their unauthorized reproduction, display, distribution, and creation of unauthorized derivative versions of the Photograph and their commercial use of these derivatives as reflected in the Pinterest advertisement shown above.  Upon information and belief, Defendants gained direct monetary profits, indirect monetary profits, and goodwill from the misappropriation of Plaintiff's Photograph and their commercial use of it.

64.    Upon information and belief, in addition to the unauthorized Pinterest advertisements featuring the Photograph shown above, Defendants and/or one more DOE Defendants also reproduced, published, displayed, and distributed other unauthorized derivatives of the Photograph and ran additional promotional ads on other social media accounts and commercial platforms in addition to those described herein.  The extent of the infringements and the length of time that various unauthorized advertisements featuring the Photograph ran on Defendants' accounts are unknown to Plaintiff at this time and will be discovered through the litigation process.

65.    Upon information and belief, Defendants gained direct monetary profits, indirect monetary profits, and goodwill from the misappropriation of Plaintiff's Photograph and their commercial use of it in the various marketing campaigns that took place, including the Pinterest ad set forth above.

66.    In contrast, Plaintiff did not reap any benefits, financial or otherwise, from Defendants unlawful misappropriation of the Photograph.  Rather, Plaintiff has had to expend significant time, effort, and resources in an attempt to enforce its rights as the photographer and copyright-holder to the Photograph.

67.     Plaintiff has been economically harmed through Defendants' widespread unlawful use, reproduction, display, distribution, and creation of unauthorized derivative works of the Photograph and is entitled to recover monetary damages in the form of actual damages, costs, attorneys' fees, and the disgorgement of Defendants' direct and indirect profits.

## **FIRST CLAIM FOR RELIEF**

### **(For Direct Copyright Infringement Under 17 U.S.C. § 501 – As to All Defendants)**

68.     Plaintiff repeats and alleges paragraphs 1 through 67 hereof, as if fully set forth herein in their entirety.

69.     The Photograph is an original work of art created by Plaintiff that qualifies for copyright protection under the Copyright Act, 17 U.S.C. § 101, et seq.  Plaintiff is the sole and exclusive author and copyright holder to the Photograph and has filed its copyright registration for the Photograph with the U.S. Copyright Office in accordance with its rules and regulations.  The Photograph is registered with the U.S. Copyright Office and has been assigned Registration No. VA 2-344-561, with an effective date of March 20, 2023, certifying Plaintiff's compliance with all applicable formalities of the U.S. Copyright Office.  See **Exhibit A**.

70.     Through Defendants' conduct alleged herein, including their unauthorized reproduction, display, and commercial distribution of the Photograph without Plaintiff's authorization and without a license, Defendants have directly infringed upon Plaintiff's exclusive rights in the Photograph in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

71.     Defendants have also created numerous unauthorized derivative works and distributed and publicly displayed those works without Plaintiff's authorization and without a

18

license, which constitutes direct copyright infringement in violation of Section 501 of the Copyright Act.

72.    Defendants' infringing conduct alleged herein was willful as they ran the commercial advertisements using Plaintiff's Photograph with full knowledge that they did not obtain permission from Plaintiff to use the work and did not enter into a licensing deal or compensate Plaintiff for the use of its work.

73.    Defendants' infringing conduct alleged herein was willful because even after Defendants were made aware of the various infringements; they failed to promptly remove the infringing ads from the social media accounts displaying the unauthorized derivatives.

74.    As a direct and proximate result of Defendants' copyright infringement set forth herein, Defendants have obtained direct and indirect profits that they would not have otherwise realized but for their infringement of Plaintiff's rights in the Photograph.  As such, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

75.    Pursuant to 17 U.S.C. §§ 504(a)(1) and (b), Plaintiff is entitled to recover its actual damages and any profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages.  Plaintiff is entitled to the disgorgement of Defendants' profits, both direct and indirect profits, stemming from the infringing conduct set forth herein.

76.    Plaintiff is entitled to an accounting of and a constructive trust with respect to such profits.

77.    In addition, to the extent that Defendants have since used Plaintiff's Photograph in a manner that is different in kind or nature or scope from the infringements set forth herein occurring before March 20, 2023, the effective date of the registration, Plaintiff is

also entitled, in the alternative, at its election, to seek statutory damages pursuant to 17 U.S.C. § 504(c) and its costs, including its attorneys' fees, pursuant to 17 U.S.C. § 505.

78.    Defendants' conduct has caused and will continue to cause if not enjoined and restrained by this Court great and irreparable injury that cannot be fully compensated monetarily.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting Defendants from further infringing upon Plaintiff's copyright.

## SECOND CLAIM FOR RELIEF

### (Vicarious Copyright Infringement – As to All Defendants)

79.    Plaintiff repeats and alleges paragraphs 1 through 78 hereof, as if fully set forth herein in their entirety.

80.    Each and every reproduction and creation of a derivative work of the Photograph by Defendants was without the consent, approval, or license of Plaintiff.

81.    Defendants had the right and ability to supervise and control the infringing acts of the named Defendants and potentially one or more additional DOE Defendants, who upon information and belief, unlawfully reproduced, displayed, distributed, and created derivative works of the Photograph and then used those works for commercial purposes, including promoting Defendants' respective goods and services on social media platforms as set forth above.

82.    Defendants obtained a direct financial interest in the infringing acts of Defendants because each of these infringing acts were commercial in nature and promoted the various products, services, and overall brand of Defendant Mastercard, Defendant Yes I Am, and Defendant Cadore.  These infringements resulted in increased revenue and profits for all Defendants.

20

83.     The acts of Defendants constituted vicarious copyright infringement.

84.     Upon information and belief, Defendants' acts of vicarious copyright infringement were conducted in a willful and intentional manner with a complete disregard and indifference to the rights of Plaintiff, the copyright-holder to the Photograph.

85.     As a direct and proximate result of Defendants' copyright infringement set forth herein, Defendants have obtained direct and indirect profits that they would not have otherwise realized but for their infringement of Plaintiff's rights in the Photograph.  As such, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

86.     Pursuant to 17 U.S.C. §§ 504(a)(1) and (b), Plaintiff is entitled to recover its actual damages and any profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages.  Plaintiff is entitled to the disgorgement of Defendants' profits, both direct and indirect profits, stemming from the infringing conduct set forth herein.

87.     Plaintiff is entitled to an accounting of and a constructive trust with respect to such profits.

88.     In addition, to the extent that Defendants have since used Plaintiff's Photograph in a manner that is different in kind or nature or scope from the infringement set forth herein occurring before March 20, 2023, the effective date of the registration, Plaintiff is also entitled, in the alternative, at its election, to seek statutory damages pursuant to 17 U.S.C. § 504(c) and its costs, including its attorneys' fees, pursuant to 17 U.S.C. § 505.

89.     Defendants' conduct has caused and will continue to cause if not enjoined and restrained by this Court great and irreparable injury that cannot be fully compensated monetarily.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503,

Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting Defendants from further infringing upon Plaintiff's copyright.

### THIRD CLAIM FOR RELIEF

### (For Contributory Copyright Infringement – As to All Defendants)

90.     Plaintiff repeats and alleges paragraphs 1 through 89 hereof, as if fully set forth herein in their entirety.

91.     Each and every reproduction and creation of a derivative work of the Photograph by Defendants was without the consent, approval, or license of Plaintiff.

92.     Defendants knowingly and systematically induced, caused, materially contributed to, and actively participated in the infringing reproduction, display, distribution, and creation of derivative works of the Photograph and the use of those derivatives as commercial advertisements on social media, and upon information and belief, in other settings, by the named Defendants and potentially one or more additional DOE Defendants. Upon information and belief, Defendant Mastercard and Defendant Yes I Am consulted with each other and came to an agreement concerning the exact photograph(s) that would be used to promote their collaboration.

93.     Upon information and belief, Defendants Yes I Am and Cadore distributed the Photograph to Defendant Mastercard to be used, reproduced, displayed, distributed, and made into derivative works that would then be used as commercial advertisements on social media and upon information and belief, in other settings.  Defendants Yes I Am and Cadore knew or should have known that by distributing and making available the Photograph to Defendants, Defendants would then reproduce and distribute the Photograph and derivatives thereof, thereby materially contributing to such infringement.

94.     Defendants' actions constitute contributory copyright infringement.

95.     Defendants obtained a direct financial interest from their contributory infringement of the Photograph because each of the infringing acts were commercial in nature and promoted the various products, services, and overall brand of Defendant Mastercard, Defendant Yes I Am, and Defendant Cadore.  These infringements resulted in increased revenue and profits for Defendants.

96.     Upon information and belief, Defendants' acts of contributory copyright infringement were conducted in a willful and intentional manner with a complete disregard and indifference to the rights of Plaintiff, the copyright-holder to the Photograph.

97.     As a direct and proximate result of Defendants' copyright infringement set forth herein, Defendants have obtained direct and indirect profits that they would not have otherwise realized but for their infringement of Plaintiff's rights in the Photograph.  As such, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

98.     Pursuant to 17 U.S.C. §§ 504(a)(1) and (b), Plaintiff is entitled to recover its actual damages and any profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages.  Plaintiff is entitled to the disgorgement of Defendants' profits, both direct and indirect profits, stemming from the infringing conduct set forth herein.

99.     Plaintiff is entitled to an accounting of and a constructive trust with respect to such profits.

100.     In addition, to the extent that Defendants have since used Plaintiff's Photograph in a manner that is different in kind or nature or scope from the infringement set forth herein occurring before March 20, 2023, the effective date of the registration, Plaintiff is also entitled, in the alternative, at its election, to seek statutory damages pursuant to 17 U.S.C. § 504(c) and its costs, including its attorneys' fees, pursuant to 17 U.S.C. § 505.

23

101.    Defendants' conduct has caused and will continue to cause if not enjoined and restrained by this Court great and irreparable injury that cannot be fully compensated monetarily.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting Defendants from further infringing upon Plaintiff's copyright.

### FOURTH CLAIM FOR RELIEF

### (Distribution of False Copyright Management Information in Violation of 17 U.S.C. § 1202 – As to All Defendants)

102.    Plaintiff repeats and alleges paragraphs 1 through 101 hereof, as if fully set forth herein in their entirety.

103.    The copyright in the Photograph is owned exclusively by Plaintiff.

104.    Plaintiff is the original author of the Photograph.

105.    Defendants knew that Defendant Mastercard was not the author or copyright holder to the Photograph.  Defendants further knew that neither Defendant Yes I Am nor Defendant Cadore authored the Photograph or held the copyright to the Photograph.

106.    Upon information and belief, Defendants knew that Plaintiff was the author of the Photograph and was the sole and exclusive copyright holder to the Photograph.

107.    Defendants knew that they did not have authorization from Plaintiff and did not obtain a license from Plaintiff to use the Photograph as part of the Mastercard Small Biz Marketplace campaign.

108.    Despite having this knowledge, Defendants distributed false authorship and ownership information in connection with the Photograph.

109. Specifically, Defendants put their respective brand names and logos on the bottom of the derivative works showing the Photograph as set forth herein and further represented in all of the posts and advertisements concerning the Photograph that the Photograph was owned and/or authored by Defendants.

110. Defendants knowingly provided and distributed false Copyright Management Information (CMI) with the intent to induce, enable, facilitate, or conceal copyright infringement of the Photograph in violation of 17 U.S.C. § 1202(a).

111. Defendants did so knowing, or with reasonable grounds to know, that their actions would induce, enable, facilitate, or conceal copyright infringement with respect to the Photograph.

112. Plaintiff has suffered actual damages as a result of these alleged acts set forth herein in an amount currently unknown and to be determined at trial.

113. Defendants have gained profits as a result of these alleged acts set forth herein in an amount currently unknown to Plaintiff and to be determined at trial.

114. Plaintiff is entitled to recover from Defendants its actual damages and any additional profits of Defendants that are not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

115. In the alternative, and at Plaintiff's election, Plaintiff is entitled to recover from Defendants, for each and every violation of 17 U.S.C. § 1202(a), the extent to which is currently unknown at the present time and will be proven at trial, statutory damages of up to $25,000.00 per violation (each instance of use, reproduction, distribution and/or display), pursuant to 17 U.S.C. § 1203(c)(3)(B).

116.    Pursuant to 17 U.S.C. § 1203(b)(1), Plaintiff is entitled to preliminary and permanent injunctive relief to prevent or restrain further violations of 17 U.S.C. § 1202(a).

117.    Plaintiff is entitled to recover its costs from Defendants pursuant to 17 U.S.C. § 1203(b)(4).

118.    Plaintiff is further entitled to recover its attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(5).

### FIFTH CLAIM FOR RELIEF

### (False Designation of Origin, The Lanham Act, 15 U.S.C. § 1125(a)(1)(A) – As to All Defendants)

119.    Plaintiff repeats and alleges paragraphs 1 through 118 hereof, as if fully set forth herein in their entirety.

120.    Plaintiff is the author of the Photograph and is the sole and exclusive owner of all rights in the Photograph.

121.    Plaintiff offers licenses for the use of its photography to businesses such as Defendants and for commercial uses such as the ones set forth herein.

122.    Upon information and belief, Defendants knew that Plaintiff was the author and copyright holder to the Photograph.

123.    Despite having this knowledge, Defendants intentionally misattributed the Photograph to themselves by superimposing their respective logos and company names on the unauthorized advertisements featuring the Photograph and through mentioning their respective company names in the captions of the relevant social media posts and tagging their respective Instagram handles on those posts.

26

124.    Defendants have willfully represented in a false manner that the origin of the Photograph belongs to or is attributed to them through their actions in conveying that they had ownership rights in the Photograph or had the licensing rights to the Photograph in connection with the commercial use and public display, reproduction, and distribution of the Photograph to the public in the ways set forth herein.

125.    The actions of Defendants set forth herein are likely to cause confusion or mistake in the marketplace and to deceive the public as to the affiliation, connection, or association of Defendants with Plaintiff in connection with the Photograph.

126.    The actions of Defendants set forth herein are also likely to deceive the public as to the origin or sponsorship of the Photograph and/or Plaintiff's approval of Defendants' use of the Photograph (which was not granted).

127.    Defendants placed the Photograph into interstate commerce by reproducing, displaying, distributing, and creating derivative works of it for commercial gain.

128.    Defendants have willfully and intentionally caused confusion in the marketplace concerning the origin and affiliation of the Photograph by acting without Plaintiff's authorization to use the Photograph in connection with the Mastercard Small Biz Marketplace campaign and by featuring it in advertisements with Defendants' trademarks superimposed upon it.

129.    Plaintiff has suffered monetary damages as a result of Defendants' actions set forth herein because Plaintiff licenses its photographs for the exact purposes employed by Defendants, and Defendants have created confusion in the marketplace concerning the source of the Photograph as a direct and proximate result of their intentional and misleading conduct.

130.    As a direct and proximate result of Defendants' misleading and deceptive conduct, Plaintiff has been damaged in an amount unknown to Plaintiff at the present time and to be determined at trial.

131.    As a direct and proximate result of Defendants' misleading and deceptive conduct, Defendants have gained significant profits in an amount unknown to Plaintiff at the present time and to be determined at trial.

132.    This case is exceptional due to the willful and deceptive conduct carried out by Defendants.

133.    As a result of Defendants' conduct set forth herein, Plaintiff is entitled to recover its actual damages, the profits gained by Defendants, costs, attorneys' fees, treble damages, and any other amount deemed just by the Court pursuant to 15 U.S.C. § 1117(a).

## SIXTH CLAIM FOR RELIEF

### (False Advertising, The Lanham Act, 15 U.S.C. § 1125(a)(1)(B) – As to All Defendants)

134.    Plaintiff repeats and alleges paragraphs 1 through 133 hereof, as if fully set forth herein in their entirety.

135.    Plaintiff offers licenses for the use of its photography to businesses such as Defendants and for commercial uses such as the commercial advertisements set forth herein.

136.    Upon information and belief, Defendants knew that Plaintiff was the author and copyright holder to the Photograph.

137.    Despite having this knowledge, Defendants falsely represented that they were the authors or owners of the Photographs by superimposing their respective logos and company names on the unauthorized advertisements featuring the Photograph and through

28

mentioning their respective company names in the captions of the relevant social media posts and tagging their respective Instagram handles on those posts.

138.    Defendants placed the Photograph into interstate commerce by reproducing, displaying, distributing, and creating derivative works of it for commercial gain.

139.    By falsely attributing themselves as the author or owner of the Photograph and holding out to the public that the Photograph was properly identified with the promotion of Defendants' goods and services, Defendants misrepresented the nature and quality of their goods and services in connection with the Photograph as well as the nature and quality of the Photograph and Plaintiff's goods and services.

140.    Defendants' conduct was willful and deliberate.

141.    Plaintiff has suffered monetary damages as a result of Defendants' actions set forth herein because Plaintiff licenses its photographs for the exact purposes employed by Defendants.

142.    As a direct and proximate result of Defendants' false advertising and misleading and deceptive conduct, Plaintiff has been damaged in an amount unknown to Plaintiff at the present time and to be determined at trial.

143.    As a direct and proximate result of Defendants' false advertising and misleading and deceptive conduct, Defendants have gained significant profits in an amount unknown to Plaintiff at the present time and to be determined at trial.

144.    This case is exceptional due to the willful and deceptive conduct carried out by Defendants.

145.    As a result of Defendants' conduct set forth herein, Plaintiff is entitled to recover its actual damages, the profits gained by Defendants, costs, attorneys' fees, treble damages, and any other amount deemed just by the Court pursuant to 15 U.S.C. § 1117(a).

### SEVENTH CLAIM FOR RELIEF

### (Unjust enrichment, Pennsylvania Common Law – As to All Defendants)

146.    Plaintiff repeats and alleges paragraphs 1 through 145 hereof, as if fully set forth herein in their entirety.

147.    Plaintiff did not grant Defendants with authorization or permission to use, reproduce, display, distribute, or create derivative works of the Photograph.

148.    Plaintiff did not grant Defendants with authorization or permission to benefit from using the Photograph in any way.

149.    Nevertheless, Defendants used, reproduced, displayed, distributed, and created derivative works of the Photograph for commercial gain and in connection with a global advertising campaign promoting Defendants' various respective goods and services.  Thus, benefits have been conferred upon Defendants by Plaintiff.

150.    Defendants have been unjustly enriched by the benefits they have received and unjustly retained at Plaintiff's expense.

151.    It would be unjust and inequitable for Defendants to be able to retain the benefits they received from the unlawful use of Plaintiff's Photograph; thus, equity requires that Defendants disgorge any monies they received from this improper enrichment.

152.    Equity demands that Defendants give Plaintiff restitution for their receipt of any and all benefits stemming from their unlawful use of the Photograph in the form of the disgorgement of all profits Defendants received (both direct and indirect profits) from the use

of the Photograph plus the reasonable value of each license and/or use of the Photograph that Plaintiff would have received had it provided Plaintiff with permission to use the Photograph.

153.    Plaintiff has sustained monetary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mansfield Media LLC prays for judgment in its favor against Defendants, jointly and severally, as follows:

1) That Plaintiff shall be awarded its actual damages incurred as a result of Defendants' unlawful conduct and the infringing acts set forth herein;

2) That Plaintiff shall be awarded all profits, both direct and indirect, of Defendants, and each of them, stemming from their unlawful actions and infringement, the exact sum to be proven at the time of trial;

3) That Plaintiff shall be awarded statutory damages available under 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable laws, including enhanced statutory damages, to the extent available;

4) That the Court shall enter an order for a preliminary and permanent injunction enjoining Defendants and their respective members, officers, principals, shareholders, agents, attorneys, servants, employees, successors, and assigns, and any and all other persons in privity with or acting in active concert or participation with any of them, from engaging in the misconduct referenced herein or any further acts of copyright infringement, the distribution of false Copyright Management Information, false designation of origin in violation of the Lanham Act, or false advertising in violation of the Lanham Act;

31

5) That Defendant Mastercard shall be required to provide an accounting of the profits gained by it in connection with its "Small Biz Marketplace" advertising campaign/Mastercard Small Biz Marketplace, its Mastercard Strivers Initiative program, the Mastercard Digital Doors® program, and any other related programs/initiatives/products/services it sold or offered during the length of time that the Photograph was illegally used by Defendants, as well as an accounting of any and all profits gained by Defendant Mastercard as a result of its collaboration with Defendant Yes I Am during the length of time that the Photograph was illegally used by Defendants.

6) That Defendants Yes I Am and Cadore shall be required to provide an accounting of the profits they gained in connection with the Mastercard "Small Biz Marketplace" advertising campaign/Mastercard Small Biz Marketplace, as well as an accounting of any and all profits gained by them during the length of time that the Photograph was illegally used to promote their website, brand, and apparel goods/merchandise.

7) That a constructive trust shall be imposed upon Defendants regarding such amounts and any other revenues or proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

8) That Plaintiff shall be awarded its attorneys' fees as available under 17 U.S.C. § 505, 17 U.S.C. § 1203, and 15 U.S.C. § 1117(a).

9) That Plaintiff shall be awarded its costs of suit and expenses;

10) That Plaintiff shall be awarded treble damages;

11) That Plaintiff shall be awarded punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct;

12) That Plaintiff shall be awarded pre-judgment and post-judgment interest as allowed by law; and

13) That Plaintiff shall be awarded further legal and equitable relief as the Court deems just.

Respectfully submitted,

**A. BRUNO LAW**

By: */s/ Alyssa M. Bruno*

Dated: November 9, 2023

Alyssa M. Bruno, Esq. (PA ID #321345)
P.O. Box 468
Easton, PA 18044
Tel: (610) 258-4003
Email: abruno@abrunolaw.com

*Attorney for Plaintiff Mansfield Media LLC*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Mansfield Media LLC hereby demands a jury trial in the above-entitled action on all claims for relief for which Plaintiff is entitled to a trial by jury.

Respectfully submitted,

**A. BRUNO LAW**

*/s/ Alyssa M. Bruno*

By: _____

Dated: November 9, 2023

Alyssa M. Bruno, Esq. (PA ID #321345)
P.O. Box 468
Easton, PA 18044
Tel: (610) 258-4003
Email: abruno@abrunolaw.com

*Attorney for Plaintiff Mansfield Media LLC*

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-344-561

**Effective Date of Registration:**
March 20, 2023
**Registration Decision Date:**
May 01, 2023

---

## Title

**Title of Work:**  Egypt (She Didn't Quit Tho...)

## Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** July 20, 2020
**Nation of 1st Publication:** United States

## Author

- **Author:** Mansfield Media LLC
  **Author Created:** photograph
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Mansfield Media LLC
6217 Osage Ave, Philadelphia, PA, 19143, United States

## Rights and Permissions

**Name:** Chris Mansfield
**Email:** chris@mansfieldmedia.co

## Certification

**Name:** Alyssa M. Bruno, Esq.
**Date:** March 20, 2023



Page 1 of 1